# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABELLA JANE GODSHALL; BRAYDEN ERICKSON,<br><br>                                   Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; et al.,<br>                                  Defendants. | Case No.: 3:18-cv-02548-H-WVG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY STRIKE PORTIONS OF PLAINTIFFS' CLAIM WITH LEAVE TO AMEND**<br><br>[Doc. No. 7] |

On March 25, 2019, Defendants County of San Diego, San Diego Sheriff's Department, and Sheriff's Deputy Marcus Levine filed a motion to dismiss or alternatively to strike parts of Plaintiffs Isabella Godshall and Brayden Erickson's complaint. (Doc. No. 7.) Plaintiffs opposed the motions on April 29, 2019. (Doc. Nos. 8, 9.) Defendants replied on May 6, 2019. (Doc. No. 11.) For the following reasons, the Court grants Defendants' motion to dismiss with leave to amend.

## Background

On September 8, 2017, Plaintiffs were departing the Sprinter Train Station, when they heard someone say from behind them, "Hey you stop!" (Doc. No. 1 ¶ 13.) Plaintiffs

1

3:18-cv-02548-H-WVG

turned around to see a man in a security uniform, who was later identified as San Diego Sheriff's Deputy Levine, running towards them. (Id.) Plaintiff Godshall asked Deputy Levine "Why?" (Id.) He responded, "Because I said so!" (Id.) Deputy Levine then grabbed, twisted, and pulled Plaintiff Erickson's right arm, which was broken and in a soft cast at the time. (Id. ¶ 14.) This caused Plaintiff Erickson to scream. (Id.) Plaintiff Godshall said "Stop, he has a broken arm!" (Id.) Deputy Levine released Plaintiff Erickson and grabbed Plaintiff Godshall's arms, twisting them behind her back. (Id.) Deputy Levine pushed Plaintiff Godshall forward causing her to fall to the ground onto her stomach. (Id.) Deputy Levine then placed his knee into her back and handcuffed her. (Id.) He continued to hold her down for 15 minutes while she screamed and asked him to stop. (Id. ¶¶ 15, 18.) A civilian approached, in concern for Plaintiff Godshall, and asked "Why are you arresting her like that?" (Id.) Deputy Levine responded, "You need to back up and stop asking questions unless you want to be arrested too!" (Id.) Plaintiff Erickson called 9-1-1 and explained the situation to the operator. (Id. ¶ 16.) When other deputies arrived, Deputy Levine instructed them to take Plaintiffs into custody. (Id. ¶ 17.) Deputy Levine at no point communicated to Plaintiffs why he engaged with them. (Id. ¶ 18.) Plaintiffs allege that they both were physically injured as a result of the altercation. (Id.)

Accordingly, Plaintiffs filed their complaint alleging claims for unlawful detention, excessive force, arrest without probable cause, false imprisonment, assault, battery, intentional infliction of emotional distress, negligence, failure to properly screen and hire, failure to properly train, failure to supervise and discipline, and violation of California Civil Code § 52.1. (Doc. No. 1.) Defendants now move to dismiss Defendant San Diego Sheriff's Department, and Plaintiffs' claims for intentional infliction of emotional distress and Monell liability. (Doc. No. 7.) Defendants also move to strike or alternatively dismiss Plaintiffs' claim for false imprisonment. (Id.)

///
///
///

**Discussion**

I. **Legal Standard for Rule 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). The Federal Rule of Civil Procedure 8(a)(2)'s plausibility standard governs a plaintiff's claims. The Supreme Court has explained Rule 8(a)(2) as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. As the Court held in [Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)], the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (citations, quotation marks, and brackets omitted).

In reviewing a Rule 12(b)(6) motion to dismiss, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted). In addition, a court need not accept legal conclusions as true. Iqbal, 556 U.S. at 678. Further, it is improper for a court to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Finally, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).

/ / /

If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (internal quotation marks and citations omitted).

## II. Analysis

Defendants move to dismiss Defendant San Diego Sheriff's Department on the premise that it is not a proper defendant. (Doc. No. 7-1 at 8–9.) Defendants also move to dismiss or strike Plaintiffs' claim for false imprisonment because it is duplicative of other claims. (Id. at 15–16.) Finally, Defendants move to dismiss Plaintiffs' claims for intentional infliction of emotional distress and municipal civil rights liability arguing that Plaintiffs have not sufficiently pled such claims. (Id. at 9–14.) After consideration, the Court grants Defendants' motion to dismiss.

### A. San Diego Sheriff's Department as Defendant

Defendants argue that San Diego Sheriff's Department should be dismissed because it is not a "person" within the meaning of § 1983 and it is duplicative to name as Defendants both the County of San Diego and the San Diego Sheriff's Department. (Doc. No. 7-1 at 8–9.) Plaintiffs concede this point and expressly state that they do not oppose Defendants' motion to dismiss the San Diego Sheriff's Department. (Doc. No. 8 at 5.) Accordingly, the Court dismisses with prejudice the San Diego Sheriff's Department.

### B. False Imprisonment Claim

Defendants argue that the Court should dismiss or alternatively strike Plaintiff's claim for false imprisonment because it is duplicative of Plaintiff's claims for unlawful detention and arrest without probable cause. (Doc. No. 7-1 at 15–16.) Plaintiffs concede this point and expressly state that they do not oppose Defendant's motion to strike their

4

3:18-cv-02548-H-WVG

claim for False Imprisonment. (Doc. No. 8 at 10.) Therefore, the Court grants Defendants' motion to strike Plaintiffs' claim for false imprisonment as redundant.

### C. Intentional Infliction of Emotional Distress

Defendants move to dismiss Plaintiffs' claim for intentional infliction of emotional distress against Deputy Levine. (Doc. No. 7-1 at 9–10.) To plead a claim of intentional infliction of emotional distress, a plaintiff must allege facts showing (1) extreme and outrageous conduct by the defendant with the intent of causing or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered extreme emotional distress; and (3) actual and proximate causation. Hughes v. Pair, 46 Cal. 4th 1035, 1050–51 (2009). "A defendant's conduct is outrageous when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community." Id. at 1151. "Severe emotional distress means emotional distress of such substantial quality or enduring quality that no reasonable person in civilized society should be expected to endure it." Id.

Here, the Court concludes that Plaintiffs have failed to sufficiently plead their claims for intentional infliction of emotional distress. While Plaintiffs sufficiently allege facts to show outrageous conduct by Deputy Levine, Plaintiffs have not alleged any facts showing that they have suffered severe emotional distress, but instead merely state that "Plaintiffs suffered severe emotional distress and the outrageous conduct was the cause of the motional distress suffered by Plaintiffs." (Doc. No. 1 ¶ 71.) Plaintiffs' "formulaic recitation of the elements of a cause of action" is insufficient to state a claim against for intentional infliction of emotional distress. Twombly, 550 U.S. at 555. Therefore, the Court concludes that Plaintiffs' intentional infliction of emotional distress claims should be dismissed.

### D. Municipal Liability

Defendants also move to dismiss Plaintiffs' Monell § 1983 claims against the County for failure to properly screen and hire, failure to train, and failure to supervise and discipline. (Doc. No. 7-1 at 10–14.) Under Monell, a municipality can be held liable as a "person" under 42 U.S.C. § 1983 if it caused a civil rights violation by virtue of (1) an official policy, practice or custom, (2) deliberately indifferent training or supervision, or

(3) ratification by an official with final policy-making authority. See Clouthier v. Cty. of Contra Costa, 591 F.3d 1232, 1250 (9th Cir. 2010). "Allegations of Monell liability will be sufficient for the purposes of Rule 12(b)(6) where they: (1) identify the challenged policy/custom; (2) explain how the policy/custom is deficient; (3) explain how the policy/custom caused the plaintiff harm; and (4) reflect how the policy/custom amounted to deliberate indifference, i.e. show how the alleged deficiency was obvious and that the constitutional injury was likely to occur." Lucas v. City of Visalia, 2010 WL 1444667 at *4 (E.D. Cal. Apr.12, 2010) (citing Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009).

The Court concludes that Plaintiffs have not sufficiently pled their municipal liability claims. First, Plaintiffs claim that the County was deliberately indifferent to their constitutional rights by failing to properly screen and hire police officers. (Doc. No. 1 ¶¶ 85–91.) Deliberate indifference in this context is only present "where adequate scrutiny of an applicant's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right." Bd. of the Cty. Comm'rs v. Brown, 520 U.S. 397, 411 (1997). Here, Plaintiffs merely make conclusory allegations that the County "failed to adequately and properly screen and hire [its] employees." (Doc. No. 1 ¶ 79.) Plaintiffs fail to provide any facts about the County's hiring practices or Deputy Levine's background to support an allegation that the County was "deliberately indifferent" in its screening and hiring process. See Amaral v. City of San Diego, No. 17-CV-02409-L-JMA, 2018 WL 3302987, at *3 (S.D. Cal. July 5, 2018). Plaintiffs' conclusory statements are insufficient to meet the pleading standard, and therefore the Court dismisses Plaintiffs' claim for failure to properly screen and hire. See Iqbal, 556 U.S. at 678.

Second, Plaintiffs claim that the County was deliberately indifferent to their rights by failing to train police officers. (Doc. No. 1 ¶¶ 78–84.) A municipality may be liable under § 1983 when its "failure to train amounts to deliberate indifference to rights of persons with whom the [employees] come into contact." City of Canton, 489 U.S. at 388;

see Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001). To state a claim for failure to properly train, a plaintiff "must show that (1) he was deprived of a constitutional right, (2) the City had a training policy that amounts to deliberate indifference to the constitutional rights of the persons' with whom [its officers] are likely to come into contact; and (3) his constitutional injury would have been avoided had the City properly trained those officers." Blankenhorn v. City of Orange, 485 F.3d 463, 484 (9th Cir. 2007) (internal quotation marks and alterations omitted). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." Connick, 563 U.S. at 62 (citation omitted). Plaintiffs here allege that "as a matter of custom, practice and policy, failed to maintain adequate and proper training as to the constitutional rights of citizens and arrestees; to prevent the consistent and systematic use of excessive force; and to prevent extra judicial punishment by officers." (Doc. No. 1 ¶ 86.) Plaintiffs do not plead any facts about the alleged deficiencies of the County's police officer training. Further, Plaintiffs fail to allege any pattern of similar constitutional violations to support such a claim. Accordingly, the Court concludes Plaintiffs' formulaic recitation of the elements for their failure to train claim does not survive Defendants' motion to dismiss. See Twombly, 550 U.S. at 555.

Third, Plaintiffs claim that the County's failure to supervise and discipline police officers constituted deliberate indifference in violation of their rights. (Doc. No. 1 ¶¶ 92–98.) Plaintiffs allege that Defendants "knew or should have known of the dangerous propensities of [Deputy] Levine, but took no steps to supervise him, correct his abuse of authority, or discourage his unlawful use of authority. To the contrary, [the County] condoned and acquiesced in the abusive behavior of [Deputy] Levine by refusing to retrain, discipline, or correct his abusive behavior." (Id. ¶ 94.) Plaintiffs rely on a single incident with Deputy Levine in support of their claim against the County for failure to supervise and discipline officers. Plaintiffs do not allege any prior similar incidents of the County failing to discipline police officers or failing to discipline Deputy Levine. Plaintiffs allege that Deputy Levine was not disciplined in this instance, (Doc. No. 1 ¶ 94), but that does

not establish that Plaintiffs' alleged injuries were the result of a failure to discipline or supervise. Plaintiffs do not sufficiently allege that the County failed to discipline Deputy Levine in any prior incident. Therefore, Plaintiffs have failed to establish any causal link between any municipal action and the alleged violation of their rights. See Brown, 520 U.S. at 404 ("Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee."). Accordingly, Plaintiffs have failed to plead sufficient facts that would permit the Court to draw the reasonable inference that the County had a custom or policy of failure to supervise and discipline its police officers and that Deputy Levine's actions were the result of any such custom or policy. See Amaral, 2018 WL 3302987, at *4 (citing Iqbal, 556 U.S. at 678). Accordingly, the Court grants Defendants' motion to dismiss Plaintiffs' municipal liability claims for failure to properly screen and hire, failure to train, and failure to supervise and discipline.

## Conclusion

For the foregoing reasons, the Court grants Defendants' motion to dismiss with prejudice San Diego Sheriff's Department as a Defendant. The Court strikes Plaintiff's claim for false imprisonment. The Court dismisses without prejudice Plaintiffs' claims for intentional infliction of emotional distress, failure to properly screen and hire, failure to train, and failure to supervise and discipline. The Court grants Plaintiffs leave to amend, if they can do so to cure the deficiencies noted in this order, on or before **June 13, 2019**.

**IT IS SO ORDERED.**

DATED: May 13, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT